**UNITED STATES of America**

v.

**Roland Roscoe COOPER, Appellant.**

No. 11501.

United States Court of Appeals Third Circuit.

Argued March 25, 1955.

Decided June 16, 1955.

Michael Hahalyak, Pittsburgh, Pa., for appellant.

W. Wendell Stanton, Asst. U. S. Atty., John W. McIlvaine, U. S. Atty., Pittsburgh, Pa., for appellee.

Before GOODRICH, McLAUGHLIN and HASTIE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of conviction for refusal to submit to induction in the Armed Services. 50 U.S.C.A. Appendix, § 462(a) (1952). The appellant claims lack of "procedural due process" in the steps that were taken, or failed to be taken, leading up to his order for induction. On all this we find nothing which is grounds for appeal under our decision in United States v. Hagaman, 3 Cir., 1954, 213 F.2d 86. So far as the appellant's case as outlined in his brief is concerned we should unanimously affirm.

But since the judgment of the district court was entered and the appeal was taken and briefs filed in this case, the Supreme Court has decided a group of cases dealing with liability of accused persons who have refused to be inducted in the Armed Services. The decision in point here is Gonzales v. United States, 1955, 348 U.S. 407, 75 S.Ct. 409, 410. In that case the majority of the Supreme Court decided the question whether the petitioner "was entitled to receive a copy of the recommendation made by the Department of Justice to the Appeal Board under the provisions of § 6(j) of the Universal Military Training and Service Act, 62 Stat. 612, as amended, 50 U.S.C. App. § 456(j)."

The majority decided that question in the affirmative. What Gonzales was entitled to, Cooper was entitled to. He did not receive the report above described. He is, therefore, according to this last ruling by the Supreme Court, improperly convicted.

The judgment of the district court will be reversed and the case remanded with directions to order judgment for the defendant.